**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/11/2018** at 02:43:24 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1   **LAW OFFICES OF CARLIN & BUCHSBAUM, LLP**
GARY R. CARLIN, CSBN: 44945
2   gary@carlinbuchsbaum.com
BRENT S. BUCHSBAUM, CSBN: 194816
3   brent@carlinbuchsbaum.com
555 East Ocean Blvd., Suite 818
4   Long Beach, California 90802
Telephone: (562) 432-8933
5   Facsimile: (562) 435-1656

6   Attorneys for Plaintiff, PAUL CHIU and Class Members

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF ORANGE**

10                                                    Judge Glenda Sanders

11   PAUL CHIU, an Individual; and all other       CASE NO.:   30-2018-01004633-CU-MC-CXC
members of the general public similarly
12   situated;                                     **CLASS ACTION COMPLAINT FOR
                                                   DAMAGES**
13              Plaintiffs,
                                                      **(1) VIOLATION OF THE UNRUH ACT;
14        vs.                                              AND**
                                                      **(2) VIOLATION OF CALIFORNIA
15   PENDRAGON NORTH AMERICA, INC.                         BUSINESS & PROFESSIONS CODE §
dba HORNBURG JAGUAR LAND                                17200, *et seq.***
16   ROVER SANTA MONICA, HORNBURG
LOS ANGELES, JAGUAR LAND
17   ROVER NEWPORT BEACH, JAGUAR
LAND ROVER MISSION VIEJO, and            **[DEMAND FOR JURY TRIAL]**
18   HORNBURG LAND ROVER
HOLLYWOOD, a California Corporation;
19   AUTONATION, INC. dba LAND ROVER
SOUTH BAY and LAND ROVER                   CX-101
20   ENCINO, a Delaware corporation;
SILVER STAR A.G. LTD dba LAND
21   ROVER THOUSAND OAKS, a California
corporation; SYMES MOTORS, INC. dba
22   RANGE ROVER LAND ROVER
PASADENA, a California Corporation;
23   ANAHEIM HILLS JAGUAR LAND
ROVER, INC. dba JAGUAR LAND
24   ROVER ANAHEIM HILLS, a California
corporation; RP AUTOMOTIVE, INC. dba
25   PENSKE JAGUAR LAND ROVER
CERRITOS, a California corporation;
26   TERRY YORK MOTOR CARS, LTD. dba
LAND ROVER ENCINO, a California
27   Corporation; HOEHN MOTORS, INC. dba
JAGUAR LAND ROVER CARLSBAD, a
28   California corporation; BRITISH MOTOR
CARS DISTRIBUTOR LTD dba LAND
ROVER OF SAN FRANCISCO, a

-1-

California corporation; INDIGO AUTO
GROUP CALIFORNIA LLC dba LAND
ROVER RANCHO MIRAGE, a Delaware
limited liability company; JAGUAR LAND
ROVER MONTEREY, an unknown
business entity; LAND ROVER MARIN,
an unknown business entity; HOLMAN
AUTOMOTIVE GROUP, INC. dba LAND
ROVER SAN DIEGO, a New Jersey
corporation; LAND ROVER ROCKLIN,
an unknown business entity; LAND
ROVER SAN JOSE, an unknown business
entity; LAND ROVER SANTA
BARBARA, an unknown business entity;
HARON MOTOR SALES, INC. dba
HARON JAGUAR LAND ROVER, a
California corporation; JAGUAR LAND
ROVER NORTH AMERICA, LLC, a
Delaware limited liability company;
LIVERMORE LAND ROVER JAGUAR,
an unknown business entity; LAND
ROVER JAGUAR VENTURA, an
unknown business entity; LAND ROVER
SACRAMENTO, an unknown business
entity; LAND ROVER REDWOOD CITY,
an unknown business entity; SAMI OHEB,
an Individual; JENNIFER KIM, an
Individual; GILLIAN PENITENTI, an
Individual; and DOES 1-250, Inclusive,

Defendants.

COMES NOW the Plaintiff, PAUL CHIU, and Class Members ("Plaintiffs"), who hereby respectfully alleges, avers, and complains, as follows:

## INTRODUCTION

1.     Plaintiff PAUL CHIU (Hereinafter "Plaintiff", "Class Member" or "Class Representative"), individually and on behalf of all others similarly situated, brings this class action for damages and equitable relief under the anti-discrimination laws of the State of California and the United States of America.

2.     As set forth more fully below, the processes and procedures allegedly imposed by the Defendants were arbitrary and meant to discriminate against individuals of Chinese descent

-2-

**COMPLAINT**

1    and/or individuals perceived to be of Chinese or Asian descent who were residents of the State of

2    California by prohibiting or discouraging them from purchasing or leasing a new Range

3    Rover/Land Rover ("Range Rover" and "Land Rover" hereinafter shall be used interchangeably

4    and have the same meaning) vehicle of a particular model, within the four years preceding the

5    filing of this Complaint (Class Period).

6           3.      Alternatively, Defendants' implementation of their policies and procedures and

7    those of corporate third parties, have caused a disproportionate number of California residents of

8    actual or perceived Chinese and/or Asian descent from being able to purchase, or discouraging

9    the purchase or lease of a new Range Rover vehicle of a particular model because of their actual

10   or perceived race, national origin, immigration status, or citizenship during the Class Period.

11   Plaintiffs state and allege in support of their Complaint, as follows:

12

13                                      **OVERVIEW**

14          4.      Defendants PENDRAGON NORTH AMERICA, INC. dba HORNBURG

15   JAGUAR LAND ROVER SANTA MONICA, HORNBURG LOS ANGELES, JAGUAR LAND

16   ROVER NEWPORT BEACH, JAGUAR LAND ROVER MISSION VIEJO, and HORNBURG

17   LAND ROVER HOLLYWOOD; AUTONATION, INC. dba LAND ROVER SOUTH BAY and

18   LAND ROVER ENCINO; SILVER STAR A.G. LTD dba LAND ROVER THOUSAND OAKS;

19   SYMES MOTORS, INC. dba RANGE ROVER LAND ROVER PASADENA; ANAHEIM

20   HILLS JAGUAR LAND ROVER, INC. dba JAGUAR LAND ROVER ANAHEIM HILLS; RP

21   AUTOMOTIVE, INC. dba PENSKE JAGUAR LAND ROVER CERRITOS; TERRY YORK

22   MOTOR CARS, LTD. dba LAND ROVER ENCINO; HOEHN MOTORS, INC. dba JAGUAR

23   LAND ROVER CARLSBAD; INDIGO AUTO GROUP CALIFORNIA LLC dba LAND

24   ROVER RANCHO MIRAGE; JAGUAR LAND ROVER MONTEREY; LAND ROVER

25   MARIN; HOLMAN AUTOMOTIVE GROUP, INC. dba LAND ROVER SAN DIEGO; LAND

26   ROVER ROCKLIN; LAND ROVER SAN JOSE; LAND ROVER SANTA BARBARA;

27   HARON MOTOR SALES, INC. dba HARON JAGUAR LAND ROVER; JAGUAR LAND

28   ROVER NORTH AMERICA, LLC; LIVERMORE LAND ROVER JAGUAR; LAND ROVER

-3-

**COMPLAINT**

1    JAGUAR VENTURA; LAND ROVER SACRAMENTO; BRITISH MOTOR CARS

2    DISTRIBUTOR LTD dba LAND ROVER OF SAN FRANCISCO; and LAND ROVER

3    REDWOOD CITY, (hereinafter "AUTHORIZED LR DEALERSHIPS" or "ALRD") are

4    dealerships authorized by Jaguar Land Rover North America to sell Range Rovers of a particular

5    model to members of the general public.

6        5.    The AUTHORIZED LR DEALERSHIPS discriminate against legal aliens of

7    Chinese origin, and individuals of actual or perceived Asian descent in the State of California on

8    the basis of race, national origin, immigration status, or citizenship with respect to the sale of new

9    Land Rover vehicles by creating, distributing, adhering to, and enforcing certain corporate

10   policies that systematically deny the Class from purchasing new Land Rover vehicles from their

11   dealerships located in the state of California.   The AUTHORIZED LRD DEALERSHIPS

12   conspired with each other to refuse sales and leases of certain vehicles to individuals of actual or

13   perceived Chinese descent, actual or perceived Chinese national origin, and/or actual or perceived

14   Asian descent, in violation of Civil Code § 51 ("The Unruh Act).

15       6.    During the Class Period, the AUTHORIZED LR DEALERSHIPS maintained a

16   contract, trust, and/or conspiracy with the intention to deny the sale or lease of new Land Rover

17   vehicles of a particular model to United States citizens of Chinese and/or Asian origin and legal

18   aliens of Chinese origin, individuals of actual or perceived Asian descent who are residents of the

19   State of California, whereby every prospective purchaser or lessee of perceived or actual Asian

20   descent could not avoid the restrictive sale policies of any AUTHORIZED LR DEALERSHIP, in

21   that each dealership agreed to adhere to and enforce the same restrictive policies.

22       7.    Defendants JENNIFER KIM, SAM OHEB, and GILLIAN PENITENTI were

23   employees of the AUTHORIZED LR DEALERSHIPS during the Class Period and enforced the

24   discriminatory policies, practices, and procedures of said dealerships referenced herein.

25       8.    This action is necessary to protect the civil rights of Plaintiff and all others

26   similarly situated who have been injured by the pertinent discriminatory acts or practices

27   committed by the AUTHORIZED LR DEALERSHIPS, agents, representatives, and servants of

28   any type.

-4-

**COMPLAINT**

**JURISDICTION AND VENUE**

9.     Plaintiff brings this class action and representative action, individually, and on behalf of all other individuals similarly situated against Defendants pursuant to California Civil Code Section 51, et seq. and California Business and Professions Code Section(s) 17200.

10.     Jurisdiction is proper in this Court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Orange County Superior Court Rules.

11.     Venue is proper in this Court because the majority of the Defendants do substantial business in Orange County, California, individual Defendants are residents of Orange County, the Defendants, and each of them, conspired with each other to adhere to or enforce the illegal plan or scheme as set forth in certain policies.

**PARTIES**

12.     Plaintiff PAUL CHIU is an individual who is more than 18 years old, and is a citizen of the United States of America and a resident of Los Angeles County in the State of California.

13.     Defendant PENDRAGON NORTH AMERICA, INC. dba HORNBURG JAGUAR LAND ROVER SANTA MONICA, HORNBURG LOS ANGELES, JAGUAR LAND ROVER NEWPORT BEACH, JAGUAR LAND ROVER MISSION VIEJO, and HORNBURG LAND ROVER HOLLYWOOD, is a California Corporation, doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 3020 Santa Monica Blvd., Santa Monica, CA 90404.

14.     Defendant AUTONATION, INC. dba LAND ROVER SOUTH BAY and LAND ROVER ENCINO, is a Delaware Corporation, doing business in California and with the capacity to sue and be sued in California, doing business at 900 N Pacific Coast Hwy, Redondo Beach, CA 90277.

15.     Defendant RP AUTOMOTIVE, INC. dba PENSKE JAGUAR LAND ROVER CERRITOS is a California Corporation, doing business in California and with the capacity to sue and be sued in California, doing business at 10861 183rd Street, Cerritos, CA 90703.

-5-

**COMPLAINT**

16.    Defendant TERRY YORK MOTOR CARS, LTD. dba LAND ROVER ENCINO, is a California Corporation, doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 15800 Ventura Blvd., Encino CA 91436.

17.    Defendant ANAHEIM HILLS JAGUAR LAND ROVER, INC. dba JAGUAR LAND ROVER ANAHEIM HILLS is a California Corporation, doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 5401 E. La Palma Ave, Anaheim Hills, CA 92807.

18.    Defendant BRITISH MOTOR CARS DISTRIBUTOR LTD dba LAND ROVER OF SAN FRANCISCO is a California Corporation, doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 901 Van Ness Avenue, San Francisco, CA 94109.

19.    Defendant SILVER STAR A.G. LTD dba LAND ROVER THOUSAND OAKS is a California corporation, doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 3601 Auto Mall Dr, Thousand Oaks, CA 91362.

20.    Defendant SYMES MOTORS, INC. dba RANGE ROVER LAND ROVER PASADENA is a California corporation, doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 3485 E Colorado Blvd, Pasadena, CA 91107.

21.    Defendant HOEHN MOTORS, INC. dba JAGUAR LAND ROVER CARLSBAD is a California corporation, doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 5550 Paseo Del Norte, Carlsbad, CA 92008.

22.    Defendant INDIGO AUTO GROUP CALIFORNIA LLC dba LAND ROVER RANCHO MIRAGE is a Delaware limited liability company doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 71377 CA-111, Rancho Mirage, CA 92270.

23.    Defendant JAGUAR LAND ROVER MONTEREY is an unknown business entity doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 1711 Del Monte Blvd, Seaside, CA 93955.

-6-

24.     Defendant LAND ROVER MARIN is an unknown business entity doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 195 Casa Buena Dr, Corte Madera, CA 94925.

25.     Defendant HOLMAN AUTOMOTIVE GROUP, INC. dba LAND ROVER SAN DIEGO is a New Jersey corporation doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 9455 Clayton Dr, San Diego, CA 92126.

26.     Defendant LAND ROVER ROCKLIN is an unknown business entity doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 4545 Granite Dr, Rocklin, CA 95677.

27.     Defendant LAND ROVER SAN JOSE is an unknown business entity doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 4040 Stevens Creek Blvd, San Jose, CA 95129.

28.     Defendant LAND ROVER SANTA BARBARA is an unknown business entity doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 401 S Hope Ave B, Santa Barbara, CA 93105.

29.     Defendant HARON MOTOR SALES, INC. dba HARON JAGUAR LAND ROVER is a California corporation doing business at 2048 Ventura St, Fresno, CA 93721.

30.     Defendant JAGUAR LAND ROVER NORTH AMERICA, LLC is a Delaware limited liability company doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 555 MacArthur Boulevard, Mahwah, New Jersey, 07430.

31.     Defendant LIVERMORE LAND ROVER JAGUAR is an unknown business entity doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 3500 Las Positas Rd, Livermore, CA 94551.

32.     Defendant LAND ROVER JAGUAR VENTURA is an unknown business entity doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 3190 Perkin Ave, Ventura, CA 93003.

-7-

33.     Defendant LAND ROVER SACRAMENTO is an unknown business entity doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 2052 Fulton Ave, Sacramento, CA 95825.

34.     Defendant LAND ROVER REDWOOD CITY is an unknown business entity doing business in California and with the capacity to sue and be sued in California, with a principal place of business at 440 Convention Way, Redwood City, CA 94063.

35.     At all times mentioned herein, Defendant SAMI OHEB worked for Defendant HORNBURG LAND ROVER HOLLYWOOD at its Los Angeles, California automobile dealership. At all relevant times, Defendant OHEB was a California resident who resided in Los Angeles County, California.

36.     At all times mentioned herein, Defendant JENNIFER KIM was a California resident who worked for Defendant PENEGON NEWPORT BEACH, INC. dba JAGUAR LANDROVER NEWPORT BEACH at its Newport Beach, California automobile dealership. At all relevant times, Defendant JENNIFER KIM was a California resident who resided in Orange County, California.

37.     At all times mentioned herein, Defendant GILLIAN PENITENTI was a California resident who worked for Defendant BRITISH MOTOR CARS DISTRIBUTOR LTD dba LAND ROVER OF SAN FRANCISCO at its San Francisco, California automobile dealership. At all relevant times, Defendant GILLIAN PENITENTI was a California resident who resided in San Francisco County, California.

38.     The true names and capacities, whether individual, corporate, associate or otherwise, of each of the Defendants designated herein as DOES are unknown to Plaintiffs at this time and therefore said Defendants are sued by such fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when ascertained. Plaintiffs are informed and believes and thereon alleges that each Defendant designated herein as a DOE Defendant is legally responsible in some manner for the events and happenings herein alleged and in such manner proximately caused damages to Plaintiffs as hereinafter further alleged.

39.     Plaintiffs are informed and believe and thereon alleges that each of the Defendants

-8-

1   were acting as the agent, employee, partner, or servant of each of the remaining Defendants and

2   were acting within the course and scope of that relationship, and gave consent to, ratified, and

3   authorized the acts alleged herein to each of the remaining Defendants.

4

5   **FACTUAL ALLEGATIONS COMMON TO ALL CLASS MEMBERS**

6         40.    During the Class Period, the AUTHORIZED LR DEALERSHIPS maintained a

7   "blacklist" of individuals of actual or perceived Asian and/or Chinese descent who are residents

8   of the State of California. Each of the AUTHORIZED LR DEALERSHIPS maintained said

9   "blacklist" and shared the "blacklist" amongst the AUTHORIZED LR DEALERSHIPS in order

10   to deny the sale or lease of new Land Rover vehicles to legal aliens of Chinese origin, and

11   individuals of actual or perceived Asian descent who are residents of the State of California.

12         41.    During the Class Period, the AUTHORIZED LR DEALERSHIPS, and each of

13   them, agreed they would not sell a new Land Rover vehicle to a legal alien of Chinese origin or

14   any individual of actual or perceived Asian descent in the State of California who wanted to pay

15   the full purchase or lease price of the vehicle at the time of the final sale or lease.  In order to

16   enforce said agreement, each of the dealerships would contact each other if a customer of actual

17   or perceived Asian descent came in to purchase or least a new Land Rover vehicle, if said

18   dealership suspected or was informed by the customer that they had attempted to purchase or

19   lease a new Land Rover vehicle at another AUTHORIZED LR DEALERSHIP.  After confirming

20   that the AUTHORIZED LAND ROVER DEALERSHIP had made a determination not to sell o

21   lease a new Land Rover vehicle to a prospective purchaser or lessee based on the fact that such

22   prospective purchaser or lessee was determined to be of actual or perceived Asian descent or

23   ethnicity, each AUTHORIZED LR DEALERSHIP refused to sell a new Land Rover vehicle to

24   said potential customer or made it so difficult for any such person to purchase and/or lease a Land

25   Rover vehicle that they gave up trying to do so as alleged or referenced herein.

26         42.    During the Class Period, each AUTHORIZED LR DEALERSHIP adhered to or

27   enforced certain corporate policies and procedures whereby they would require individuals of

28   actual or perceived Asian and/or Chinese descent and/or legal aliens of Chinese origin who were

-9-

**COMPLAINT**

1    residents of the State of California and who wanted to pay for the full purchase or lease price of a

2    new Land Rover vehicle, to provide documents for the AUTHORIZED LR DEALERSHIP to

3    supposedly consider in feigning to determining whether to sell or lease a new Land Rover vehicle

4    to a Class Member.  However, each AUTHORIZED LR DEALERSHIP would not approve said

5    sale, regardless of what documents were submitted. Defendants AUTHORIZED LR

6    DEALERSHIPS only enforced said policies or procedures when they suspected that the potential

7    purchaser or lessee was of Asian descent, associated with a person of Asian descent, and/or a

8    legal alien of Chinese origin.

9        43.      During the Class Period, the AUTHORIZED LR DEALERSHIPS discriminated

10   against legal aliens of Chinese origin, and individuals of actual or perceived Asian descent in the

11   State of California on the basis of race, national origin, immigration status, or citizenship with

12   respect to the sale of new Land Rover vehicles by creating, distributing, adhering to, and

13   enforcing certain corporate policies that systematically denied any of the Class from purchasing

14   new Land Rover vehicles from their dealerships located in the state of California.   The

15   AUTHORIZED LRD DEALERSHIPS conspired with each other to refuse sales and leases of

16   certain vehicles to individuals of actual or perceived Chinese descent, actual or perceived Chinese

17   national origin, and/or actual or perceived Asian descent, in violation of Civil Code § 51 ("The

18   Unruh Act

19        44.      During the Class Period, ALRD employees were trained on the AUTHORIZED

20   LR DEALERSHIPS policies and procedures related to the handling of offers from individuals of

21   actual or perceived Asian and/or Chinese descent who were residents of the State of California to

22   use cash, check, and wire transfer to pay the full purchase or lease price of new Land Rover

23   vehicles. ALRD were instructed to not permit said transactions from said individuals. Employees

24   of AUTHORIZED LR DEALERSHIPS only enforced said policies or procedures when they

25   suspected that the potential purchaser or lessee was of Asian or Chinese descent.  Employees of

26   AUTHORIZED LR DEALERSHIPS and AUTHORIZED LAND ROVER DEALERSHIPS only

27   enforced said policies or procedures when they suspected that the potential purchaser or lessee

28   was of Asian or Chinese descent.

-10-

45.     During the Class Period, ALRD employees were trained and instructed to demand an exhaustive list of intrusive and burdensome documents from individuals of actual or perceived Asian and/or Chinese descent who were residents of the State of California, who attempted to use cash, check, and wire transfer to pay the full purchase or lease price of new Land Rover vehicles, to be submitted to the AUTHORIZED LR DEALERSHIP for the dealership to supposedly determine whether to sell or lease the new Land Rover vehicle to the Class Member.  ALRD employees were told by AUTHORIZED LR DEALERSHIPS that regardless of whether said documents were provided, the Class Member would not be approved for the sale or lease of a new Land Rover vehicle. ALRD employees and AUTHORIZED LR DEALERSHIPS did not generally enforce said policy or procedure if the potential customer was not of or did not appear to be of Asian and/or Chinese descent, or they did not suspect the buyer was associated with a person of Asian descent.

46.     Said demand for paperwork and background financial information was made purely to discourage Class Members from pursuing a purchase or lease of said vehicle in that some ALRD employees told some Class Members that even if they provided said documents, they still would not be approved to purchase or lease a new Land Rover vehicle.

47.     During the Class Period, ALRD employees, were notified that other AUTHORIZED LR DEALERSHIPS had the same or similar policies and procedures as described above and that they adhered to, confirmed, and complied with certain corporate of a similar nature.  During the Class Period, ALRD employees were trained and instructed to contact other AUTHORIZD LR DEALERSHIPS  if they suspected or were notified that a Class Member had attempted to lease or purchase a new Land Rover vehicle from another AUTHORIZED LR DEALERSHIP. ALRD employees were instructed to not sell or lease a new Land Rover vehicle to any Class Member who was confirmed to have visited another AUTHORIZED LR DEALERSHIP and been denied the sale or lease of a new Land Rover vehicle.

**SPECIFIC ALLEGATIONS**

48.     During the Class Period, Defendant JENNIFER KIM was approached by a Class

-11-

1   Member who wanted to purchase a new Land Rover vehicle. JENNIFER KIM did not sell a new

2   Land Rover vehicle to a Class Member

3        49.    During the Class Period, Defendant SAM OHEB was approached by a Class

4   Member who wanted to purchase a new Land Rover vehicle. During the Class Period, Defendant

5   SAM OHEB did not sell a new Land Rover vehicle to a Class Member.

6        50.    During the Class Period, Defendant GILLIAN PENITENTI was approached by a

7   Class Member who wanted to purchase a new Land Rover vehicle. During the Class Period,

8   Defendant GILLIAN PENITENTI did not sell a new Land Rover vehicle to a Class Member.

9        51.    Plaintiff PAUL YUNG CHIN CHIU ("CHIU") a United States citizen of Chinese

10  descent attempted to purchase a new Land Rover vehicle on four separate occasions. In or about

11  February 2015, CHIU attempted to purchase a new Land Rover vehicle at defendant JLRNB.

12       52.    CHIU was required to sign an automobile sales contract with JLRNB before he

13  could supposedly buy a new Land Rover vehicle from JLRNB.

14       53.    Upon arriving at the dealership, he was met by defendant JENNIFER KIM. CHIU

15  eventually provided the salesperson with the correct spelling of his name and his address.

16  JENNIFER KIM was a salesperson employed at JLRNB. CHIU told JENNIFER KIM that he

17  wanted to purchase a new Land Rover vehicle and that he did not want to finance the vehicle and

18  that he wanted to pay for the vehicle through a wire transfer at the time of sale. CHIU told

19  JENNIFER KIM that he was going to use the vehicle for his own personal use. Defendant

20  JENNIFER KIM asked CHIU his nationality. CHIU informed JENNIFER KIM that he was

21  Chinese but from Taiwan. JENNIFER KIM then improperly asked "are you a U.S. citizen?" To

22  which CHIU replied that he was in fact a U.S. citizen. JENNIFER KIM told CHIU that she first

23  needed to speak to her General Manager before she could discuss selling him a vehicle.

24       54.    JENNIFER KIM returned to speak to CHIU and told CHIU that because he was

25  Chinese, corporate and JLRNB policies and procedures required that CHIU provide proof of

26  permanent residence in California, copy of a utility bill at said address, current insurance, driver's

27  license, 3 months of bank statements from his personal bank account, and that CHIU would need

28  to submit a secure credit application.

-12-

**COMPLAINT**

55.     CHIU questioned why he needed to submit a credit application when he intended to purchase the vehicle without financing. JENNIFER KIM replied that because he was Chinese, JLRNB needed to run his credit through a financing company. CHIU agreed to provide said documentation. JENNIFER KIM replied that providing such documentation did not mean that defendant JLRNB would sell CHIU a vehicle. CHIU then asked about leasing a Land Rover vehicle. KIM stated that the policies and procedures were applicable to leases. JENNIFER KIM told CHIU that JLRNB supposedly needed the documents to decide if CHIU was a "viable candidate" to purchase or lease a new Land Rover vehicle. CHIU questioned what JENNIFER KIM meant by "viable," given that CHIU was a U.S. citizen, that he was employed, that he lived in Southern California, and that he had access to enough money via a wire transfer to pay for the full purchase price of the vehicle he wished to buy or lease.

56.     JENNIFER KIM further replied that he "should not bother" to submit the documents because CHIU would not be permitted to buy or lease a new Land Rover vehicle from JLRNB or "any other Land Rover dealership" vehicle because he was of Chinese descent. CHIU intended to use the vehicle for personal use. JLRNB refused to enter into a contract to sell or lease CHIU a new Land Rover vehicle based on corporate policies, including JLRNB's policy and practice of prohibiting the sale of new Land Rover vehicles to people of Chinese or Asian descent.

57.     In or around March 2015, unconvinced of JENNIFER KIM's statement, CHIU went to defendant HORNBURG JAGUAR LAND ROVER SANTA MONICA ("HJLRSM") to purchase a new Land Rover vehicle. CHIU went to HJLRSM and was met by a salesman. CHIU provided the salesperson with the correct spelling of his name and his address. CHIU was required to sign an automobile sales contract with HJLRSM before he could supposedly buy or lease a new Land Rover vehicle from HJLRSM. CHIU told the salesman that he wanted to purchase a new Land Rover vehicle and that he did not want to finance the vehicle and that he wanted to pay for the vehicle at the time of sale.

58.     The salesman asked CHIU his nationality and CHIU replied that he was from Taiwan but that he was Chinese. The salesman told CHIU that he had to speak to his Sales

-13-

1   Manager about selling CHIU a vehicle.  The Salesman returned to speak to CHIU and asked

2   CHIU where his permanent residence was located.  CHIU was living in Diamond Bar at the time

3   and provided the salesman with his permanent address in Diamond Bar, California.  The salesman

4   told CHIU that he had to again speak to his Sales Manager.  The salesman returned and

5   improperly told CHIU that his physical home address was too far away from the dealership and

6   therefore defendant HJLRSM could not sell him a vehicle notwithstanding that the foregoing

7   alleged reason based on CHIU's permanent address in Diamond Bar, CA was not a legitimate

8   valid lawful reason to refuse to sell CHIU the vehicle which he wanted to buy.  Upon information

9   and belief, defendant HJLRSM did not sell CHIU a vehicle based on statewide corporate policies

10  and HJLRSM's policy and practice of refusing to sell or lease new Land Rover vehicles to people

11  of Chinese or Asian descent or race.

12       59.    On or about November 5, 2016, CHIU went to Hornburg Land Rover Hollywood

13  ("HLRH) and was met by Defendant SAM OHEB, a salesman employed by HLRH. CHIU

14  eventually provided the salesperson with the correct spelling of his name and his address.  CHIU

15  told OHEB that he wished to purchase a new Land Rover vehicle.  Later in the conversation,

16  CHIU stated that his parents, who lived in Taiwan, were helping him to purchase the vehicle and

17  that his parents would wire him the money from Taiwan. OHEB told CHIU that he needed to

18  provide 6 months of bank statements from CHIU's personal bank account. OHEB also told CHIU

19  that if he was approved to buy the vehicle, HLRH would keep title of the vehicle for 1 year,

20  regardless of whether the vehicle was paid in full. Ultimately, CHIU was refused his request to

21  buy a Land Rover vehicle based on the fact that he is of Asian descent.

22       60.    On or about December 17, 2016, CHIU went to San Francisco on vacation. CHIU

23  still wanted to purchase a new Land Rover vehicle.  CHIU was met by GILLIAN PENITENTI, a

24  salesperson employed by BRITISH MOTOR CARS DISTRIBUTOR LTD dba LAND ROVER

25  OF SAN FRANCISCO ("LRSF"). CHIU told PENITENTI that he was in San Francisco on

26  vacation and that he wished to purchase a new Land Rover vehicle. PENITENTI asked CHIU to

27  identify his nationality. PENITENTI also asked if CHIU was a U.S. citizen.  CHIU told

28  PENITENTI that he became a U.S. citizen about 4 years prior and that he was from Taiwan but

-14-

**COMPLAINT**

1     that his nationality was a Chinese-Americans.

2          61.     Prior to showing CHIU any vehicle, PENITENTI asked how CHIU was going to

3     pay for the vehicle. CHIU told PENITENTI that his parents in Taiwan were helping him purchase

4     the vehicle and that they would be wiring him the money. PENITENTI improperly told CHIU

5     that statewide corporate policy, including LRSF policy required her to obtain from him

6     documents showing five (5) years of employment, five years (5) of bank statements, proof of

7     citizenship, and five (5) years of proof of residence within the local San Francisco area before she

8     could even show him any vehicle. PENITENTI told CHIU that the documents were supposedly

9     necessary for LRSF to evaluate whether to sell CHIU a vehicle. She also improperly told CHIU

10    that if LRSF sold him a vehicle, regardless if he paid the vehicle in full, CHIU would have to

11    agree to permit LRSF to hold title to the vehicle for 9 months. PENITENTI told CHIU he had to

12    leave the dealership until he had the necessary paperwork. CHIU was not allowed to buy a

13    vehicle based on his actual or perceived race, national origin, and residence

14

15                      **INJUNCTIVE RELIEF ALLEGATIONS**

16          62.     Due to the AUTHORIZED LR DEALERSHIPS implementation of its unlawful

17    policies and procedures, Plaintiff, and all other persons similarly situated, are and will continue to

18    be denied the ability to enter into contracts to purchase or lease a new Land Rover vehicle

19    because of Defendants refusal to enter into said contracts with Plaintiffs and all other persons

20    similarly situated, because of their actual or perceived race and/or national origin.

21          63.     If not enjoined by this Court, the AUTHORIZED LR DEALERSHIPS and their

22    agents, representatives, and employees will continue to implement their unlawful policies and

23    procedures that deny Plaintiff and Class Members their right to not have their race and/or national

24    origin considered in making contracts to purchase or lease new Land Rover vehicles. This course

25    of conduct will cause Plaintiff and Class Members to suffer irreparable injury. It is common

26    knowledge that vehicle manufacturers make regular modifications to vehicles every year,

27    including body style and option packages. It is also common knowledge that manufacturers

28    discontinue specific vehicles or option packages on specific vehicles. Plaintiffs and Class

Members will be deprived of purchasing the vehicle they desire solely because of Defendants' decision to take into consideration the national origin and/or race of Plaintiffs and Class Members. Plaintiffs have no plain, speedy, and adequate remedy at law for such an injury.

64.     Accordingly, injunctive relief pursuant to California Civil Code § 51, et seq. and other authority is appropriate.

## DECLARATORY RELIEF ALLEGATIONS

65.     Plaintiff and Class Members incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

66.     An actual and substantial controversy exists between Plaintiff and all other persons similarly situated, and Defendants as to their respective legal rights and duties. Plaintiff contends that both on their face and as applied to Plaintiff, the AUTHORIZED LR DEALERSHIPS' policies and procedures, based on JLRNA's requirements, deny Plaintiffs and Class Members their right to not have their race or national origin considered in making contracts to purchase or lease new Land Rover vehicles. On all counts, Defendants contend otherwise.

67.     Accordingly, declaratory relief is appropriate.

## CLASS ALLEGATIONS

68.     Plaintiff brings this action as a class action on behalf of himself and the following classes ("the Classes"):

(1) a class of individuals called the "Chinese-American Citizen Class" consisting of all persons of Chinese descent who are legal residents or citizens of the State of California and who attempted to purchase or lease a new Land Rover vehicle but were prevented from doing so because of their actual or perceived residency, national origin, immigration status, residence, citizenship, and/or race within the four years preceding the filing of the Complaint.

(2) a class of individuals called the "Chinese National Origin Class" consisting of all persons of Chinese National Origin who lawfully reside in the State of California and who

-16-

COMPLAINT

24

attempted to purchase or lease a new Land Rover vehicle but were prevented from doing so because of their national origin within the four years preceding the filing of the Complaint.

(3) a class of individuals called the "Asian Class" consisting of all persons of actual or perceived Asian descent who attempted to purchase or lease a new Land Rover vehicle but were prevented from doing so because of their actual or perceived race, national origin, and/or citizenship within the four years preceding the filing of the Complaint

69.     Plaintiffs reserve the right to alter the Class Definitions or to define appropriate subclasses as warranted by further investigation and discovery.

70.     The Class Representatives are members of a proposed class, described above.

71.     Excluded from the Classes are judicial personnel in considering the claims herein, all persons and entities with claims for personal injury, the Defendants, and all officers, directors, employees, or agents of the Defendants.

72.     Common questions of law and/or fact exist as to the members of the Classes and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the Class. The common questions include the following:

   a) Whether the AUTHORIZED LR DEALERSHIPS discriminate against individuals of actual or perceived Chinese descent and/or national origin who attempt to purchase or lease a new Land rover vehicle due to their race, national origin, and/or citizenship;

   b) Whether the AUTHORIZED LR  DEALERSHIPS discriminate against United States Citizens and/or legal residents of Chinese descent who attempt to purchase or lease a new Land Rover vehicle due to their race, national origin, and/or citizenship;

   c) Whether the AUTHORIZED LR DEALERSHIPS discriminate against individuals of actual or perceived Asian descent and who attempt to purchase or lease a new Land Rover vehicle due to their actual or perceived race, national origin, and/or citizenship;

-17-

**COMPLAINT**

d) Whether the AUTHORIZED LR DEALERSHIPS are "business establishments" under the Unruh Act;

e) What measures are legally required to bring the AUTHORIZED LR DEALERSHIPS into compliance with the Unruh Act;

f) Whether the AUTHORIZED LR DEALERSHIPS' policies or practices violate Cal. Bus. & Prof. Code §17200 et seq.

73. There are 1,064 individual members of the proposed classes and subclasses.

74. Plaintiffs, who are members of the class, have claims that are typical of the claims of the class members and will fairly and adequately protect the interests of the class. The Defendant's common course of unlawful conduct has caused the Plaintiffs and Class members to sustain the same or similar injuries and damages caused by the same practices of the Defendants. the Plaintiffs' claims are thereby coincident with, and not antagonistic to, those of the other members of the class.

75. In addition, Plaintiff and the Classes are represented by attorneys who are competent and experienced in the prosecution of discrimination claims, consumer claims, and complex matters in class action litigation.

76. The Classes are readily ascertainable. It is estimated that the Classes consists of more than 1,000 individuals who are actually, or perceived to be, of Asian descent who reside in the State of California. The members of the Class are so numerous that joinder of all members, whether otherwise required or permitted, is impracticable. The number of Class members is presently known to Plaintiffs to total more than 1,000 individuals, but may easily be ascertained from the AUTHORIZED LR DEALERSHIP's, customer relationship management files, finance records, and other documents of the AUTHORIZED LR DEALERSHIPS, including but not limited to JLRNA' so-called "blacklist" which in essence bars, prohibits, or precludes the ALRDs from selling or leasing a new Land Rover motor vehicle to any individual who is of actual or perceived Asian descent.

77. A class action is superior to all other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly situated

-18-

COMPLAINT

26

1  persons to adjudicate their common claims in a single form simultaneously, efficiently, and

2  without the duplication of effort and expense that numerous individual actions would engender.

3  Class treatment will also permit the adjudication of claims by many class members who cannot

4  afford individually to litigate anti-trust and unfair competition claims such as those asserted in

5  this Complaint. This class action presents no difficulties in management that would preclude

6  maintenance as a class action.

7

8  **FIRST CAUSE OF ACTION**

9  **VIOLATION OF THE UNRUH ACT**

10  **(Against All Defendants)**

11  78.    Plaintiff hereby incorporates by reference the allegations in the above paragraphs

12  of this Complaint as though fully set forth herein.

13  79.    Civil Code § 51, et seq., also known as the "The Unruh Act," states: All persons

14  within the jurisdiction of this state are free and equal, and no matter what

15  their…race…color…ancestry…    national    origin…citizenship…primary    language…or

16  immigration status are entitled to the full and equal accommodations, advantages, facilities,

17  privileges, or services in all business establishments of every kind whatsoever.

18  80.    Plaintiff is informed and believes and thereon alleges that the aforementioned

19  conduct of Defendants, and each of them, denied, aided, or incited in a denial of, discriminated or

20  made a distinction that denied Plaintiff and Class Members full and equal advantages, privileges,

21  and services to Plaintiff and Class Members, based solely or primarily upon their race, color,

22  ancestry, national origin, citizenship, primary language, or immigration status, and therefore

23  constituted a violation of the Unruh Act.

24  81.    The AUTHORIZED LR DEALERSHIPS' policies and procedures preventing,

25  forbidding, and/or discouraging the sale of new Land rover vehicles to individuals of a certain

26  race, color, ancestry, national origin, citizenship, primary language, or immigration status had a

27  substantial disparate impact on Chinese citizens of U.S. citizens of Chinese descent.

28  82.    As a proximate result of the wrongful actions of Defendants, and each of them,

-19-

**COMPLAINT**

1  Plaintiff and Class Members have suffered harm in that Plaintiff and Class Members are unable to

2  enter into contracts to purchase or lease new Land Rover vehicles.

3      83.   Pursuant to the Unruh Act and Civil Code § 52 et seq., Plaintiff and each Class

4  Member are therefore entitled to statutory damages of $4,000 per violation.

5      84.   Said discrimination further renders Defendants subject to injunctive relief, and/or

6  actual damages including special and general damages in an amount according to proof.

7

8                    **SECOND CAUSE OF ACTION**

9    **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200** *et seq.*

10                    **(Against All Defendants)**

11     85.   Plaintiff hereby incorporates by reference the allegations in the above paragraphs

12  of this Complaint as though fully set forth herein.

13     86.   The court has jurisdiction over this action pursuant to Business and Professions

14  Code section 17200 et seq., specifically Business and Professions Code section 17203, which

15  provides that any person who engages, has engaged, or proposes to engage in unfair competition

16  may be enjoined in any court of competent jurisdiction; and the court may make such orders or

17  judgments, including the appointment of a receiver, as may be necessary to prevent the use or

18  employment by any person of any practice which constitutes unfair competition, or as may be

19  necessary to restore to any person in interest any money or property, real or personal, which may

20  have been acquired by means of such unfair competition; and Business and Professions Code

21  Section 17204, which provides for actions for any relief pursuant to the Unfair Competition Law

22  to be prosecuted exclusively in a court of competent jurisdiction by any board, officer, person,

23  corporation or association or by any person acting for the interests of itself, or its members and

24  that has suffered an injury in fact and lost money or property as a result of Defendant's conduct.

25     87.   The aforementioned unlawful conduct of Defendants, and each of them, denied,

26  aided, abetted, incited in a denial of, discriminated or made a distinction that denied Plaintiff the

27  full and equal advantages and privileges and services to Plaintiff, based solely upon Plaintiff's

28  race, color, ancestry, national origin, citizenship, primary language, or immigration status and

-20-

**COMPLAINT**

1    therefore constituted a violation of the Unruh Act.

2         88.    Defendants have engaged in, and continue to engage in the following unlawful,

3    unfair and/or fraudulent business practices in violation of § 17200 of the California Business and

4    Professions Code: Plaintiff and others similarly situated, have been denied the ability to enter into

5    contracts to purchase or lease a new Land Rover vehicle because Defendants refusal to enter into

6    said contracts with Plaintiff because of Plaintiff's race, national origin, citizenship, immigration

7    status, or ancestry in violation of Civil Code § 51, et seq. and 42 U.S.C. § 1981.

8         89.    The AUTHORIZED LR DEALERSHIPS' policies and procedures preventing,

9    discouraging, and/or forbidding the sale of new Land Rover vehicles to individuals who were or

10   are of actual or perceived to be of Chinese or Asian descent, had a substantial disparate impact on

11   Chinese American citizens of Chinese descent, and individuals of actual or perceived Asian

12   descent.

13        90.    It is an unlawful business practice for a California company to prevent, discourage,

14   and/or forbid to enter into a contract with an individual based on their race or national origin. The

15   fundamental right to contract and to form equal benefit of all laws is codified under 42 U.S.C. §

16   1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every

17   State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full

18   and equal benefit of all laws and proceedings for the security of persons and property as is

19   enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes,

20   licenses, and exactions of every kind, and to no other." Section 1981 prohibits discrimination

21   under the color of law based on alienage and race. Congress deliberately used "all persons"

22   instead of "citizens" in order to reflect the language of the Fourteenth Amendment that extended

23   the guarantee of equal protection under the laws to "any person within the jurisdiction of the

24   United States." Plaintiff is entitled to the protections and benefits afforded by § 1981, including

25   California residents who are U.S. citizens and are actually or perceived to be of Asian or Chinese

26   descent. The AUTHORIZED LR DEALERSHIPS' policies and procedures related to the sale or

27   lease of new Land Rover vehicles to individuals of a certain race, national origin, or ancestry had

28   a substantial disparate impact on California residents who are also U.S. citizens of Asian or

-21-

1  Chinese descent, and individuals of actual or perceived Asian descent.

2        91.    As a direct, proximate, and foreseeable result of Defendants wrongful conduct as

3  alleged above, Defendants business acts or practices have caused injury to the Plaintiff and the

4  public. Plaintiff is entitled to relief, including full restitution and/or disgorgement of all revenues,

5  earnings, profits, compensation and benefits that may have been obtained by Defendants as a

6  result of such business acts or practices.

7        92.    Plaintiff is informed and believes and based thereon alleges that Defendants'

8  illegal acts as described above are a serious and continuing threat to Plaintiff and the public. If

9  Defendants are allowed to continue their unfair and unlawful acts, Plaintiff and the public will

10  suffer further immediate and irreparable injury, loss and damage. Plaintiff is further informed and

11  believes, and based thereon alleges, that, in the absence of the temporary restraining order and

12  preliminary and permanent injunction as prayed for below, Defendants will continue to unfairly

13  and unlawfully compete.

14

15  **PRAYER FOR RELIEF**

16      **WHEREFORE**, Plaintiffs, on behalf of themselves, and members of the class, pray for a

17  judgment against Defendants, jointly and severally, as follows pray:

18        1.    This matter be certified as a class action with the Classes defined set forth, or in

19  accordance with any amended complaint;

20        2.    That the Plaintiffs be appointed Class Representatives, and their attorneys be

21  appointed Class Counsel;

22        3.    For injunctive and/or declaratory relief that the Court enter an order requiring

23  Defendants to immediately cease the wrongful conduct as set forth above; enjoining Defendants

24  from continuing to conduct business via the unlawful and unfair business acts and practices

25  complained of herein; and ordering Defendants to institute and carry out policies, practices, and

26  programs that provide individuals of actual or perceived Chinese or Asian descent in the State of

27  California the right to not have their race, national origin, citizenship, or ancestry considered

28  when purchasing or leasing a new Land Rover vehicle;

-22-

**COMPLAINT**

4.      For statutory damages of $4,000 or actual damagers per violation pursuant to California Civil Code § 52;

5.      For general damages in an amount according to proof;

6.      For special damages in an amount according to proof;

7.      For punitive damages in an amount according to proof;

8.      For costs incurred herein, including attorneys' fees to the extent allowable by statute, including but not limited to California Civil Code § 52; and

9.      For such other and further relief as the Court deems just and proper.

Dated: July 9, 2018                THE LAW OFFICES OF CARLIN & BUCHSBAUM
                                   Limited Liability Partnership


                                   By _____
                                   Gary R. Carlin,
                                   Attorneys for Plaintiffs,
                                   PAUL CHIU and Class Members


## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.

Dated: July 9, 2018                THE LAW OFFICES OF CARLIN & BUCHSBAUM
                                   Limited Liability Partnership


                                   By _____
                                   GARY R. CARLIN,
                                   Attorneys for Plaintiffs,
                                   PAUL CHIU and Class Members

-23-